Alexandr A. BOYARINTSEV,
Petitioner,

v.

John D. ASHCROFT, Respondent.

No. 02–4213.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 25, 2004.

Alexandr A. Boyarintsev, Indianapolis, IN, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Chicago, IL, Kurt B. Larson, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Alexandr Boyarintsev is a native and citizen of Ukraine who entered the United States without documentation. The Immigration and Naturalization Service charged Boyarintsev with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien without proper documents. Boyarintsev conceded removability and applied for asylum, 8 U.S.C. § 1158(a), and withholding of removal, 8 U.S.C. § 1241(b)(3), claiming that he was persecuted by former communists in Ukraine because of his pro-democracy political beliefs and status as a successful restaurant entrepreneur. An

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

immigration judge denied both of Boyarintsev's applications and he appealed to the Board of Immigration Appeals, which summarily affirmed the IJ's decision. Boyarintsev now petitions pro se for review of the BIA's order. We deny his petition and affirm the BIA's decision.

At his asylum hearing, Boyarintsev testified that he and his wife operated a café in Donetsk, Ukraine, called "Indiana." Indiana was a "country and western" café decorated with symbols of Americana. Boyarintsev says that soon after he opened Indiana, he was targeted for "persecution" by Donetsk's deputy mayor, Rosochanko Alexandr. Alexandr and his men went to Boyarintsev's café numerous times and demanded money. On two of these occasions they beat up Boyarintsev, and on another visit beat up some his patrons. Often Alexandr and his men would stop by, order food and drink, and refuse to pay. Boyarintsev eventually had to close Indiana after one of Alexandr's men hit Boyarintsev's wife with a car and injured her so severely that she had to spend several weeks in the hospital.

Boyarintsev said he was also persecuted—at Alexandr's direction—by "Sibirtsev," whom Boyarintsev characterized as a "deputy prosecutor" in Donetsk's "Department of Transportation." According to Boyarintsev, Sibirtsev twice brought him to his office, threatened him, and beat him up. On the first occasion, Sibirtsev demanded that Boyarintsev buy him a color television, and the second time—after Boyarintsev closed Indiana—Sibirtsev demanded that Boyarintsev give him the keys to the café so he could "rob the place." Sibirtsev warned Boyarintsev that if he didn't comply he would accuse Boyarintsev of stealing some "metal" and have him arrested. Boyarintsev says that he didn't give into Sirbirtsev's demands, and instead fled Ukraine after this last incident. Boyarintsev now fears that, if he returns, Sirbirtsev will find him and kill him.

Boyarintsev said that Alexandr's "persecution" of him started when Alexandr was a communist party leader at the plant where Boyarintsev worked when Ukraine was a communist state in the former Soviet Union. Boyarintsev said that he was the only person at the plant who did not belong to the communist party, and once, after he "expressed [his] opposition" to Alexandr at a plant meeting, Alexandr had Boyarintsev attacked and beaten by "a militia." The experience left Boyarintsev with the lasting impression that Alexandr "hated [his] guts."

After recounting his experiences, Boyarintsev tried to explain how this earlier "opposition" of Alexandr and the communist party led to Alexandr and Sibirtsev's "persecution" of him several years later, after he opened Indiana. Boyarintsev said that Alexandr from the outset opposed his opening Indiana, and later singled him out for "persecution," both because of his anti-communist stance during the communist era and because his café symbolized pro-democratic ideals. But Boyarintsev acknowledged that Alexandr extorted money from all business owners in Donetsk, and that Alexandr may have targeted Indiana especially because he thought Boyarintsev had rich American relatives who helped finance and decorate the café with its Americana motif.

The IJ denied Boyarintsev's application for asylum because he failed to establish that he suffered from past persecution or that he has a well-founded fear of future persecution based on his political opinion. The IJ found Boyarintsev credible for the most part, and that his fear of persecution was subjective and genuine and perhaps even objectively reasonable. But the IJ found that Boyarintsev's persecutors were

not motivated by his political opinion. Instead, the IJ found Boyarintsev's persecution was the result of "criminal extortion efforts," and Boyarintsev failed to tie "any of these beatings or threats to any political opinion that he possesses or may possess." The IJ then denied Boyarintsev's application for withholding of removal because of the higher burden of proof required under that claim, and ordered him removed to Ukraine.

Boyarintsev then appealed to the BIA and argued, in part, that the IJ erred because he failed to consider that Boyarintsev was persecuted on account of an imputed political opinion. The BIA affirmed the IJ's decision without an opinion, see 8 C.F.R. § 1003.1(a)(7), and so we review directly the decision of the IJ, see *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir.2003).

In his petition for review, Boyarintev repeats the argument that he made to the BIA—that the IJ erred because he failed to consider that Boyarintsev was persecuted on account of a political opinion imputed to him by his persecutors. Boyarintsev contends that Alexandr and Sibirtsev persecuted him not for their own economic gain—as the IJ found–but instead because they viewed him as an American-styled capitalist whose open endorsement of the American way of life threatened their tightly held communist beliefs.

■ We assume, as did the IJ, that Boyarintsev suffered persecution in Ukraine. But to warrant asylum, Boyarintsev still must establish that he was persecuted or faces future persecution because of his own political opinion, see *Dandan v. Ashcroft*, 339 F.3d 567, 572–73 (7th Cir.2003), or (as he wants his claim evaluated) because of a political opinion attributed or imputed to him by his persecutor, *Lwin v. INS*, 144 F.3d 505, 509 (7th Cir.1998). In either case, he must introduce some evidence that his persecutor was motivated to persecute him *because of* a political belief the persecutor thought that he held. *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) ("[T]he statute makes motive critical...."); *Cuevas v. INS*, 43 F.3d 1167, 1171 (7th Cir.1995); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001); *Canas–Segovia v. INS*, 970 F.2d 599, 601–02 (9th Cir.1992); *In re T–M–B*, 21 I. & N. Dec. 775 (BIA 1997).

Thus Boyarintsev's tenuous asylum claim rests entirely on his ability to show that Alexandr extorted money from him because of his political beliefs. But Boyarintsev cannot point to any evidence to suggest that political beliefs, rather than the prospect of personal economic gain, motivated Alexandr to extort money from him. Indeed, Boyarintsev stated that Alexandr regularly extorted money from all of Donetsk's business, and that if he targeted Boyarintsev especially it was likely because Indiana was successful, and because he thought Boyarintsev had wealthy American relatives. Ultimately all that Boyarintsev can show is that Alexandr's attacks may have stemmed from personal disputes dating back to Boyarintsev's former employment at the factory. And "a personal dispute, no matter how nasty, cannot support an alien's claim of asylum." *Marquez v. INS*, 105 F.3d 374, 380 (7th Cir.1997). Thus Boyarintsev gave the IJ no reason to infer that Alexandr "persecuted" him on account of his political beliefs, imputed or otherwise. *Estrada–Posadas v. INS*, 924 F.2d 916, 919 (9th Cir.1991).

Boyarintsev's claim that he was persecuted on account of an imputed political opinion is further undermined by the State Department's Country Reports for Ukraine, which cast doubt on the likelihood that former communist party members in current government positions will

persecute individuals who opposed Ukraine's former communist regime. U.S. Dep't of State, Ukraine – Country Reports on Human Rights Practices (2000); *see also Bereza v. INS,* 115 F.3d 468, 474 (7th Cir.1997) (citing State Department advisory opinion concluding that supporters of Ukranian independence movement not likely to face persecution from former communist officials still in power); *Koliada v. INS,* 259 F.3d 482, 488 (6th Cir.2001) (same). Without specific evidence from Boyarintsev that the situation in Donetsk is any different than in Ukraine generally, we accept the State Department reports as conclusive. *Toptchev v. INS,* 295 F.3d 714, 722 (7th Cir.2002); *Roman v. INS,* 233 F.3d 1027, 1036 (7th Cir.2000). Thus substantial evidence supports the IJ's decision to deny Boyarintsev's application for asylum as well as withholding of removal, a claim which requires a higher burden of proof.

█ Boyarintsev makes a number of other arguments that he did not present to the BIA. Therefore, we lack jurisdiction to consider these arguments, including Boyarintsev's contention that his interpreter did not accurately translate his answers at the hearing. *Capric v. Ashcroft,* 355 F.3d 1075, 1087–88 (7th Cir.2004); *Awad v. Ashcroft,* 328 F.3d 336, 340 (7th Cir.2003).

The petition for review is DENIED and the decision of the BIA is AFFIRMED.